OPINION
The Village of Buckeye Lake appeals a judgment of the Licking County Common Pleas Court reversing a decision of the Village Council of Buckeye Lake, which affirmed the removal of appellee Gary Green from his position as a police officer with the Buckeye Lake Police Department:
ASSIGNMENTS OF ERROR
 I. THE COURT USED THE WRONG STANDARD OF REVIEW WHEREBY IT SUBSTITUTED ITS OWN INDEPENDENT JUDGMENT FOR THAT OF THE VILLAGE COUNCIL IN DETERMINING WHETHER APPELLEE RECEIVED DUE PROCESS PRIOR TO HIS TERMINATION AS A POLICE OFFICER RATHER THAN USING THE PROPER STANDARD OF REVIEW WHICH WAS WHETHER THE VILLAGE COUNCIL'S DECISION WAS BASED ON SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE N THE RECORD.
 II. THE COURT ERRED IN FINDING THAT APPELLEE WAS NOT AFFORDED DUE PROCESS IN THE PRE-TERMINATION PROCEDURES CONDUCTED BY THE VILLAGE PRIOR TO HIS DISCHARGE FROM EMPLOYMENT.
 III. THE COURT ERRED IN REINSTATING APPELLEE TO HIS POSITION AS POLICE OFFICER UPON ITS DETERMINATION THAT APPELLEE DID NOT RECEIVE THE DUE PROCESS HE WAS ENTITLED TO PRIOR TO HIS TERMINATION.
Appellee was employed as a police officer with the Village Police Department. On January 12, 2001, he was suspended and placed on administrative leave, pending an investigation by the Bureau of Criminal Investigation. The suspension order required him to surrender his police identification card, badge and keys to the police department, and not to perform any police actions, activities or duties. Sometime thereafter, he appeared at the police department and met with Chief of Police Ron Small to drop off his keys.
On March 22, 2001, Chief Small called appellee at home and requested he meet with him that day. Ten minutes later, appellee appeared at the police station, and a meeting was held with Chief Small, Mayor James Bartoe, Dick Linedecker and Sergeant James Hanzey. At that meeting, appellee was presented with allegations that had been made against him regarding his conduct with minor children in the village. He was advised that affidavits and statements had been given making such allegations. He was confronted specifically with an allegation made by Lisa Meade regarding his conduct with respect to her son. Meade alleged that while on duty, appellee appeared at a pizza shop, owned by Meade and her husband, to pick up an Avon order for his wife. When Meade put a sample lipstick in the bag, appellee grabbed her son, pulled his shirt up and his pants partially down, and with the lipstick, drew a smiley face and wrote his name on the boy's back and buttocks. Green was asked at the meeting to resign from his position with the police department. He requested a letter summarizing the discussions of the meeting.
The next day, appellee picked up the requested letter at the mayor's home. The letter set forth the employment options which were discussed with him the day before. The letter recapped that there had been allegations concerning appellee and his conduct with minor children in the village, that were accompanied by affidavits of the parents of certain children. The letter then set forth two options, one being that if charges were to be filed against appellee, the village may have no recourse but to take judicial action against him and also fire him for cause. The second option suggested that as long as no charges were filed, the village could accept a letter of resignation from appellee. The letter, signed by the mayor, requested a decision by Monday, March 26. The mayor further stated that he did not intend for the letter to be construed as a threat, but was to inform him of the affidavit that had been received, and that the village may be forced in the future to take some action against him.
Appellee refused to resign. On April 2, 2001, the village prosecutor delivered a letter to the chief of police enclosing numerous and detailed reports and statements regarding an on-going investigation into the allegations against appellee. According to these lengthy reports, appellee was the subject of several investigations of complaints regarding sexual misconduct in regard to his step-daughters and to several young boys in the community.
On April 23, 2001, Chief Small delivered to the mayor a letter addressed to appellee, notifying him that his employment with the village was terminated. The mayor reviewed the letter and the reports attached to it regarding allegations made against appellee, and signed the letter. Chief Small then delivered the letter to appellee, including all reports and statements provided to the chief.
Appellee appealed the removal to the village council. At the village council meeting of May 23, 2001, a hearing occurred with regard to the termination of appellee's employment. At this hearing, appellee chose to present no evidence concerning the propriety of the dismissal. Rather, appellee relied on a legal argument that he was denied due process in the pre-termination process conducted by the police department. Following the hearing, the village upheld the termination.
Appellee appealed to the Licking County Common Pleas Court pursuant to R. C. 737.19 and Chapter 2506. The common pleas court did not take any additional evidence, but reviewed the record of the village council, and concluded that appellee was not afforded an adequate pre-termination hearing. The court concluded that appellee was denied due process pursuant to the United States Constitution. The court ordered that appellee be reinstated to his position as a police officer with back pay and benefits.
 I
Appellant argues that the court erred in concluding that pursuant to R.C. 737.19, the court conducts its review de novo, rather than applying the more deferential standard of review found in R.C. 2506.04.
We need not reach this question in the instant case, as no factual issues were considered on appeal to the common pleas court. The sole question on appeal to this court is a question of law. As the trial court did not reach appellee's claim that the village failed to carry the burden of proof to support the termination, the only question considered by the trial court, and the only question before this court on appeal, is whether the pre-termination procedures applied in the instant case complied with the constitutional protections of due process. Therefore, the court's discussion of standard of review is dicta in the underlying appeal, and we need not reach this issue on appeal.
The first assignment of error is overruled.
 II
Appellant argues that the court erred in concluding that appellee was not afforded due process in the pre-termination proceeding conducted by the Village prior to his discharge from employment. We agree.
An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and an opportunity for hearing appropriate to the nature of the case. Loudermill v. Cleveland Board ofEducation (1985), 470 U.S. 532, 542. This principle requires some type of hearing prior to the discharge of an employee who has a constitutionally protected interest in his employment. Id. The pre-termination hearing, though necessary, need not be elaborate. Id. at 545. The formality and procedural requisites for the hearing can vary, depending upon the importance of the interest involved and the nature of the subsequent proceedings that are available. Id. In general, something less than a full evidentiary hearing is sufficient prior to adverse administrative action. The pre-termination hearing does not definitively resolve the propriety of discharge, but is an initial check against mistaken decisions. Id. The essential requirements are notice and an opportunity to respond. Id. at 546. The employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. Id. To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee. Id.
In the instant case, the pre-termination hearing provided to appellee adequately protected his due process rights pursuant to the United States Supreme Court's holding in Loudermill. While he argues that he was not told he had a right to counsel at the meeting, and was not presented with the actual affidavit and statements made against him so he could respond to the allegations, the pre-termination hearing need not be a full evidentiary hearing. In January, appellee was provided with a letter from the Chief of Police notifying him that he was under a criminal investigation, and placing him on administrative leave. On March 22, he received a telephone call to come and meet with the mayor, police chief, and two other members of the police department. At the meeting, they discussed the possibility of him resigning before any negative information was provided to the police department and required to be placed in his personnel file. He was informed that if that event occurred, they would have no choice but to terminate his employment. Further, while not providing him with the actual affidavit and statements, the gist of the allegations against him was discussed at the pre-termination hearing. Further, he was provided with a follow-up letter the next day, summarizing the discussions concerning the allegations against him, and outlining his options which consisted of continued employment subject to possible discharge, or voluntary resignation. At the March 22 meeting, appellee was given an opportunity to respond orally to the allegations against him. In response to the resignation, appellee's attorney wrote a letter dated March 26, 2001, claiming that he committed no illegal acts, or any act warranting disciplinary action. Clearly, appellant was informed of the charges against him, the possibility of his being terminated in the near future, and given an opportunity to respond, both orally, and through written communications following the pre-termination hearing.
The court further found that the notice given to appellee was insufficient, as he was not specifically notified in writing that termination of his employment was a possibility. Loudermill and pre-termination due process do not require the employer to tell the employee that the employee will be terminated if no contrary evidence is offered to the employer. Buckner v. City of Highland Park (6th Cir. 1990), 901 F.2d 491, 495, cert. denied, 498 U.S. 848. When an employee is faced with charges that a reasonable person would recognize as jeopardizing an employment future, extra pre-termination due process obligations are not placed on the employer, and affording the employee an opportunity to respond after being confronted with the charges is all that due process requires of the employer. Id. at 495-496.
In Buckner, a police officer's employment was terminated after a witness he spoke to during an investigation filed a complaint alleging that while she filled out a form, the officer grabbed her arm, rubbed one of her breasts, and pulled her head toward him. The officer argues that the context of the investigation did not provide him with notice that his employment status was threatened by the complaint against him. The Court of Appeals for the Sixth Circuit concluded that this argument strained credulity, as while the charges against him were not formally presented, he knew the gist of the allegations against him. Id. at 495. The court further noted that the government interest in effective law enforcement is extremely high, and the need to speedily replace public safety officers who abuse their authority is important; therefore, requiring the city to provide an elaborate pre-termination process hampers its interest in quickly removing an unsatisfactory employee. Id. at 497.
Under the facts and circumstances of the instant case, clearly a reasonable person would understand that his employment was threatened. Appellee had been placed on administrative leave for several months before the pre-termination hearing. He was informed at the time he was placed on leave that there was a criminal investigation pending against him. At the meeting, he was informed of the specific complaint concerning the incident at the pizza shop, as well as the pending criminal investigation into sexual behavior with his step-daughters and other minor children in the community. Further, at that meeting, he was asked to resign, and informed both at the meeting and by follow-up letter that if he failed to resign and additional complaints were filed against him, the Village would have no choice to terminate his employment.
Further, as noted by Loudermill, supra, where adequate post-termination proceedings are in place to protect the employee's property interest, the pre-termination process must meet only a barest minimum standard of due process. Due to the safety net of appeals provided by Ohio Revised Code737.19, appellee was required only to receive notice and some opportunity to respond prior to termination, which he did in the instant case. We note that when given an opportunity to present evidence in a formal hearing setting at the post-termination hearing before the Village Council, appellee choose not to do so, relying solely on his due process claim. Nor did appellee attempt to present any new evidence at the common pleas court level.
The second assignment of error is sustained.
 III
The Village argues that the court erred in ordering reinstatement as a remedy for a due process violation. We agree.
Where the evidence demonstrates that an employee would have been terminated anyway, even had all the requirements of Loudermill not been met, the employee is entitled only to those damages directly traceable to the employer's failure to observe due process. Emanual v. ColumbusRecreation and Parks Department (1996), 115 Ohio App.3d 592. To hold that a discharge is invalid because of procedural difficulties emphasizes form over substance, and reinstatement is not an appropriate remedy for a due process violation prior to termination. Craig v. Celeste
(S.D.Ohio 1986), 646 F. Supp. 47.
In the instant case, the court never reached the merits of the termination, based on his finding of a due process violation. Clearly, reinstatement was not the appropriate remedy for a due process violation.
The third assignment of error is sustained.
The judgment of the Licking County Common Pleas Court is reversed. This cause is remanded to that court for consideration of appellee's claim that the facts did not support the removal, which the trial court never reached due to its ruling on the due process claim.
By GWIN, P.J., FARMER, J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Common Pleas Court is reversed. This cause is remanded to that court for consideration of appellee's claim that the facts did not support the removal, which the trial court never reached due to its ruling on the due process claim. Costs to appellee.